*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARAH MARIE MARKIEWICZ,

Plaintiff-Appellant,

v

DAVID RANDAL MARKIEWICZ,

Defendant-Appellee.

UNPUBLISHED
March 24, 2022

No. 355774
Macomb Circuit Court
Family Division
LC No. 2019-003236-DM

Before: GADOLA, P.J., and BORRELLO and M. J. KELLY, JJ.

BORRELLO, J. (*concurring in part and dissenting in part*).

In this appeal of a judgment of divorce, appellant, for the first time, tries to change the classification of the frozen embryo at issue from property to, presumably "a person." Appellant argues she wants "custody" or possession of the frozen embryo in order to have another child. However, rather than address the trial court's ruling on the merits, appellant seeks to turn this case into a referendum related to reproductive rights or rather the denial thereof. In this sense, it appears appellant's counsel view this case as a conduit for a much larger discussion about much larger issues, none of which I find germane to the issues presented on appeal.

From the outset, I wish to make clear that I take no issue with my colleagues' presentation of the record in this matter, nor do I dissent from their conclusions and analysis in sections I-IV of their opinion. Where we differ is found in both the result and the analysis and conclusions employed by my colleagues in section V of their opinion.

In section IV of their opinion, my colleagues end with the following statement:

Here, because Sarah (appellant) unequivocally and successfully argued that the embryo was marital property, she is precluded from advancing an inconsistent argument now. Because Sarah is judicially estopped from challenging the classification of a frozen embryo as property, we do not—and cannot—address whether, under Michigan law, frozen embryos constitute property subject to equitable distribution. (footnote excluded).

- 1 -

I concur with this statement based on this Court's holding in *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 537; 847 NW2d 657 (2014). Unfortunately, the majority goes on to, in my opinion, contradict this holding, by concluding:

> In light of our decision to adopt a blend between the contractual approach and the balancing approach, it is necessary to reverse and remand for further proceedings because the trial court did not have the benefit of this legal framework when it initially made its decision to award the embryo to David. On remand, the trial court shall consider the applicable *Sparks* factors. With regard to the additional relevant factor identified in this opinion, i.e., the special nature of the embryo, the trial court should first consider whether the disposition of the embryo is governed by a valid contract between the parties. If such a contract exists, the matter should be concluded in accord with the contractual terms that the parties agreed upon in that contract. If there is no contract, then the court must balance the interests of the parties using the framework stated in this opinion. With regard to the remaining *Sparks* factors, additional factors, such as the ages and health of the parties, may also be relevant and should be addressed. Financial considerations may also be considered. The cost of the IVF process is ascertainable. Therefore, it would be appropriate to consider the costs Sarah would incur were she to obtain another embryo using IVF techniques should the court again decide that it is equitable to award the existing embryo to David. Resolution on remand will require the trial court to reopen the proofs to allow presentation of evidence related to the potential existence of a contract between the parties, and legal argument related to whether such a contract is valid. The court should also, if necessary, take testimony relevant to the balancing factors stated in this opinion.

It was incumbent on appellant to demonstrate to this Court that the trial court abused its discretion it its findings of fact. As previously stated by this Court, an abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012). Because the majority was initially correct in their holding that appellant was judicially estopped from "challenging the classification of a frozen embryo as property, we do not—and cannot—address whether, under Michigan law, frozen embryos constitute property subject to equitable distribution," and because the appellant points to no factual or legal errors justifying reversal in the trial court's findings on this issue, instead of granting appellant the relief she seeks, I would affirm the trial court.

I understand the majority's point that providing a road map for similar cases is necessary, if not essential to the proper advance of this area of jurisprudence. However, here, as the majority correctly acknowledges, appellant is estopped from making any of the arguments necessary for a proper resolution of the issue. As a consequence, following the majority's conclusion that appellant is estopped from arguing anything other than the embryo is property, the remainder of the opinion becomes dictum. "[O]biter dictum" is "[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive)." *People v Higuera*, 244 Mich App 429, 437; 625 NW2d 444 (2001) (second alteration in original; quotation marks and citation omitted).

Certainly, the award of a frozen embryo in a divorce or other proceeding is an extremely important issue worthy of scholarly examination and debate. However, here, because appellant was estopped from adopting a different argument on appeal than she adopted at trial, coupled with her inability to point out any factual or legal errors in the trial court's ruling, such examination is precluded *Loutts*, 298 Mich App at 25-26 and the trial court should be affirmed.

For these reasons, I respectfully dissent.

/s/ Stephen L. Borrello